**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Tapp; Ben Koerner; Realty Executives, Inc., | No. CV-11-2069-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Adebisi Alli, | |
| Defendant, | |

Defendant Adebisi Alli has filed a Notice of Removal, seeking to remove Moon Valley Justice Court Case No. CC2011144405 to the Federal District Court of Arizona. (Doc. 1). Since removal is improper because the federal court lacks subject-matter jurisdiction over the case, the Court remands this action.

**BACKGROUND**

On July 21, 2011, Plaintiffs Terry Tapp, Ben Koerner, and Realty Executives, Inc. filed a complaint in the Moon Valley Justice Court against Defendant, seeking $3,454 for fraud and harassment. (Doc. 1, Ex. 1(B)). Defendant filed a Motion to Dismiss, which was denied on October 6, 2011. (Doc. 1, Exs. 1, 9). Defendant then filed a Notice of Removal pursuant to 28 U.S.C. § 1441 (2006), stating that she is a citizen of the state of Michigan and that the amount in controversy exceeds $75,000. (Doc. 1 ¶¶ 7, 11).

**DISCUSSION**

**1.     Legal Standard**

Any time that the Court determines, on motion or on its own, that it lacks subject-matter jurisdiction to hear a case, it must dismiss the action. FED. R. CIV. P. 12(h)(3). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A civil action may only be removed to federal court if federal jurisdiction would have been proper had the complaint originally been filed there. 28 U.S.C. § 1441.

Federal jurisdiction is proper in all cases that present a federal question on the face of the complaint. 28 U.S.C. § 1331 (2006). In addition, the Court has subject-matter jurisdiction to rule on cases in which defendants and plaintiffs are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332 (2006). If the claim on the face of the complaint is for greater than $75,000, the amount in controversy requirement is met if the claim is made in good faith. If, however, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover" an amount adequate to satisfy the amount in controversy requirement, dismissal is proper. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

**2.     Analysis**

As the party asserting federal jurisdiction, Defendant has the burden of proving all jurisdictional facts. *Indus. Tectonics*, 912 F.2d at 1092. Defendant provides a copy of her Michigan Driver's license, along with a 28-page complaint she filed against Plaintiffs in Wayne County, Michigan on August 9, 2011 in which she states that she is a citizen of Michigan. (Doc. 1, Exs. 5(B), 3). In that suit, Defendant states that while living in Michigan, she paid a deposit on a rental apartment in Phoenix of $2,215. She claims that the apartment was uninhabitable because of mold and other issues, and that Plaintiffs failed to return her deposit upon demand. She seeks $450,000 on each of five counts, including Breach of Contract, Tortious Interference with Advantageous Expectancy, Fraud and Fraudulent

1 Inducement, Conversion, Retaliation, and violation of Michigan State Civil Rights Laws. 2 Now claiming that her Michigan complaint and the present complaint arise from the same 3 transaction, she states that she satisfied the amount in controversy requirement because she 4 "seeks recovery of at lease [*sic*] two million dollars." (Doc. 1 ¶10). Additionally, she has 5 attached a counterclaim, alleging many of the same claims she lodged in the Michigan 6 complaint, along with her answer. (Doc. 4).

7 It appears that Defendant is in fact a citizen of the State of Michigan. However, 8 Plaintiffs claim of only $3,454 is inadequate to satisfy the amount in controversy 9 requirement. (Doc. 1, Ex. 1(B)). Defendant's Michigan suit, which she acknowledges 10 contains "different cause of action and different claims,"(Doc. 1 ¶ 10), cannot be removed 11 to an Arizona district court, since state court actions can only be removed "to the district 12 court of the United States for the district and division embracing the place where the action 13 is pending." 28 U.S.C. § 1441. The amount alleged in her counterclaim may not be 14 considered in determining whether she has satisfied the amount in controversy requirement. 15 *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 326–27 (D. Ariz. 1997). In 16 any event, the only tangible damages Defendant identifies in her Michigan complaint and her 17 counterclaim are the loss of her $2,215 deposit and $6,700 "for additional expenses and 18 interest." It appears to a legal certainty that she cannot recover the amount she claims; a 19 claim of over two million dollars as compensation for $8,915 in actual loss is not "apparently 20 made in good faith." *St. Paul Mercury*, 303 U.S. 288. Defendant has not met her burden of 21 proving jurisdictional facts to this Court. *Indus. Tectonics*, 912 F.2d at 1090. Since the Court 22 lacks subject-matter jurisdiction over this claim, it will be remanded to the Moon Valley 23 Justice Court.

## CONCLUSION

25 The federal court has no subject-matter jurisdiction over this action because, while the 26 parties are diverse, the amount in controversy is under $75,000.

27 **IT IS THEREFORE ORDERED** directing the Clerk of the Court to **remand** this 28 case to the Moon Valley Justice Court and terminate this action.

1   DATED this 17th day of November, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -